## Kennedy's Adm'rs. *vs* Conn's Adm'r.

### ERROR TO THE GARRARD CIRCUIT.

*Evidence.    Competency of witness.    Jurisdiction.*

JUDGE MARSHALL delivered the opinion of the Court.

CHANCERY.

Case 90.

*April* 24.

The case stated.

In June, 1839, John F. Conn filed this bill against the administrators of Kennedy, who had died three years before, setting up an obligation alledged to have been executed to him by Kennedy. in 1810, for the payment of $300 in horses, to be paid when Kennedy should collect a debt from one John Doyle.

He charges that, as he had recently discovered, Kennedy had received the debt from Doyle shortly after the date of said obligation, but that this fact had remained unknown to complainant until recently, Kennedy having always in his lifetime fraudulently denied that he had collected it; that said obligation had been lost or mislaid for many years, and that the complainant had been of unsound mind for many years after its date. There is no direct averment that the note had never been paid; no

statement as to the consideration for which it was given, nor as to the manner or cause of its alledged loss, and no affidavit in support of the allegation of its loss, nor of any other allegation of the bill.

The administrators of Kennedy put in issue all the material facts, rely upon the lapse of time, and require strict proof.

The release of a distributee of all claim in a *particular demand*, sought to be recovered by the adm'r, will not render such distributee a competent witness to establish the demand.

The complainant having died intestate, in the progress of the suit, it was revived in the name of his administrator, and the deposition of Josephus Conn, a son of the complainant, having been permitted to be read, though excepted to by the defendants on the ground of incompetency. The first question we shall notice is, whether he was rendered competent by his release to the administrator of all claim to which he was or might be entitled in this particular demand? We think it clear that such a release did not extinguish his interest; nor do we perceive that he could have extinguished his interest in this suit by any thing short of a surrender of all interest in his father's estate, or at least in the personalty. For if the administrator fail in this suit the estate is bound for the costs, which would affect the interest of the witness, notwithstanding his release; and if the administrator succeed in recovering this claim it is to be presumed that, by its application to the payment of debts, &c. the portion of such distributee in the residue of the estate would be increased. The Court therefore erred in overruling the exceptions to this deposition.

This error however is not a ground of reversal if there be enough in the cause, without the deposition referred to, to authorize the decree. But we are of opinion that the decree cannot be sustained without that deposition, if it could be with it.

It appears that Doyle resided near Lexington, and no reason is shown why the collection of the debt from him by Kennedy was not as easily ascertainable as any other fact of that kind. Nor is there any proof that the fact was concealed or denied by Kennedy; but the inference from the facts is that it was known to the complainant for many years before the death of Kennedy, who appears to have been wealthy, while there are hints in the record

from which it is to be inferred that the condition of the <span style="float:right">KENNEDY'S AD'S<br>*vs*<br>CONN'S ADM'R.</span> complainant was the reverse.

The unsoundness of mind alledged in the bill for the purpose, doubtless, of accounting for the great delay in attempting to coerce this debt, if sufficiently alledged for that purpose, is not sustained by any facts proved, but merely by the vague opinions of some four or five witnesses. And although there is proof of the execution and contents of the obligation, and some evidence going to show that it had not been paid some ten or twelve years before the death of Kennedy, yet there is no proof, out of the rejected deposition, that the obligation was lost or could not be found, and as already noticed, the complainant himself did not make oath to this fact. There is no statement by his administrator, under oath or otherwise, that the paper could not be found. Nor does the rejected deposition itself contain any satisfactory statement on this subject, even if it should be deemed competent to prove this particular fact.

It is scarcely necessary to say that the great lapse of time which has occurred since the alledged execution of the obligation in question, and the failure of the obligee, under the circumstances above stated, and for so long a period, to attempt its coercion, create so strong a presumption of payment or other satisfaction, that even if the obligation were exhibited by the obligee, or its absence properly accounted for, nothing short of clear and satisfactory evidence in support of the continued subsistence of the debt and in explanation of the long delay would justify its present coercion. But when the obligation is not produced nor its absence properly accounted for, the presumption of satisfaction, which is in some degree rebutted by the contrary presumption, arising from the retention of the evidence of the debt by the obligee, acquires additional strength from the suspicion that, being in the power of the claimant, it is not produced because its production would defeat the demand.

The want of an affidavit or other proof of the loss of <span style="float:right">A bill to recover<br>amount of a lost<br>bond must be<br>sworn to.</span> the alledged obligation not having been made the ground of objection, either to the jurisdiction of the Court or to the admissibility of parol evidence of the contents of the

KENNEDY's AD's
*vs*
CONN'S ADM'R.

instrument, it should not now, perhaps, operate to reverse the decree upon either of those grounds. But regarding the non-production of the instrument, without swearing to or proving its loss, 'merely as evidence, and as a circumstance at once depriving the complainant of the presumption which might arise from his possession (or loss) of the instrument, and adding weight to the presumption arising from the lapse of time and other circumstances above stated—we are of opinion, upon such scrutiny of the evidence as the circumstances referred to require, that the proof is not sufficient to justify a Chancellor in decreeing the debt demanded. What estate would be safe if a debt may be raised up after the lapse of 30 years, during which it was always wanted by the creditor, and could at any time have been easily paid by the debtor, and is to be enforced against an administrator, upon proof of the execution of a note by the intestate, 30 years before, and upon loose evidence of its contents and of his admissions, long before his death, and without producing the instrument or accounting for its absence, or proving that it was in possession of the payee at a date after which it was probably not paid.

In this view of the case, we are of opinion that the complainant is not entitled to any relief by his bill.

Wherefore the decree is reversed and the cause remanded, with directions to dismiss the bill without prejudice.

*Turner* for plaintiffs: *Bradley* for the defendant.


### ADDITIONAL OPINION.

IT being suggested that the copy of the record before the Court was erroneous, in omitting to state that the complainant swore to his bill, which, upon inspecting another copy, we find to be probably true; we have, therefore, reconsidered the case on the assumption that the bill was sworn to. And although, upon that assumption, the argument against the continued subsistence of the debt, which was founded upon the want of complainant's oath to the truth of the bill, is taken away—we are still of opinion, upon the other facts in the case, and es-

pecially upon the great lapse of time, not sufficiently accounted for, and the absence of any real obstacle to the collection of the alledged debt, that there is a preponderance of probability against its being now a valid subsisting demand.   The alledged insanity, it is true, is not expressly denied, but it is not alledged, and will not be presumed to have been known to the defendant.   It is not therefore to be taken as admitted, and especially when proof of the bill is required in general terms.   There is no such proof of insanity as would point to that as a reasonable cause of the delay which has occurred.   The mandate therefore remains unaltered except that the bill is dismissed absolutely.